Dear State Representative Wayne Pettigrew
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
When the voters of a county approve a sales tax levied toassist all fire departments located within the county, is thefire department of a municipality, the boundaries of which extendinto the taxing county, entitled to share equally in the proceedsof the sales tax as a fire department located within the county,even though its fire station is located in the neighboringcounty?
¶ 1 It is well-settled law in Oklahoma that,
 A county being an involuntary, subordinate political subdivision of the state, . . . and possessed of a portion of the sovereignty, has no inherent powers but derives those powers solely from the state. All of the powers intrusted to it are the powers of the sovereignty which created it. Its duties are likewise the duties of the sovereignty.
Johnston v. Conner, 236 P.2d 987, 989 (Okla. 1951) (quotingHerndon v. Anderson, 25 P.2d 326, 329 (Okla. 1933)). The power to impose taxes is vested in the Legislature and delegated to the counties; that delegation of power carries with it the power to apportion the tax. Okla. Const. art. X, § 20; Herndon,25 P.2d at 329, 332-33.
¶ 2 With approval of the people, the Oklahoma Legislature grants counties the power to impose a sales tax at 68 O.S. Supp. 2000, § 1370[68-1370], which states in pertinent part:
 C. Any sales tax which may be levied by a county shall be designated for a particular purpose. Such purposes may include, but are not limited to, economic development, general operations, capital improvements, county roads, weather modification or any other purpose deemed, by a majority vote of the county commissioners, to be necessary to promote safety, security and the general well being of the people. The county shall identify the purpose of the sales tax when it is presented to the voters
pursuant to the provisions of subsection A of this section. The proceeds of any sales tax levied by a county shall be deposited in the general revenue or sales tax revolving fund of the county and shall be used only for the purpose for which such sales tax was designated.
. . . .
 E. There are hereby created one or more county sales tax revolving funds in each county which levies a sales tax under this section if any or all of the proceeds of such tax are not to be deposited in the general revenue fund of the county. Each such revolving fund shall be designated for a particular purpose and shall consist of all monies generated by such sales tax which are designated for such purpose. Monies in such funds shall only be expended for the purposes specifically designated as required by this section. A county sales tax revolving fund shall be a continuing fund, not subject to fiscal year limitations.
Id. (emphasis added).
¶ 3 The question you present concerns a county sales tax levy passed under this statute to be used to assist all fire departments located in the county. You ask whether a fire department of a municipality, whose boundaries extend into the taxing county, is entitled to some sales tax revenue when no part of the municipal fire department's fire station is located within the taxing county, yet the fire department serves the entire portion of the municipality located in the taxing county.
¶ 4 A municipality may "[p]rovide protection from fire for all persons and property within its boundaries[.]" 11 O.S. Supp.2000, § 29-105[11-29-105](1). The restrictions on the territory included in a municipality do not limit municipal boundaries to single counties. 11 O.S. 1991, § 2-106[11-2-106]. Thus, a single municipality may be located within more than one county. Accordingly, a municipal fire department of a municipality located in more than one county provides fire protection to the municipal areas in all the counties in which the municipality is located.
¶ 5 Such a multicounty municipal fire department is a fire department located in each county in which it provides fire protection services. Accordingly, when a municipal fire department is located in a municipality whose boundaries extend into more than one county, and the people of one of the counties approve a sales tax issue dedicated to fire departments located within the taxing county, such a municipal fire department is located within the taxing county for purposes of sharing in the sales tax revenue. See 68 O.S. Supp. 2000, § 1370[68-1370](C), (E);11 O.S. Supp. 2000, § 29-105[11-29-105](1).
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When a municipal fire department is located in a municipalitywhose boundaries extend into more than one county, and the peopleof one of the counties approve a sales tax issue dedicated to allfire departments located within the taxing county, such amunicipal fire department is located within the taxing county forpurposes of sharing in the sales tax revenue. See 11 O.S. Supp.2000, § 29-105(1).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN McCORMICK ASSISTANT ATTORNEY GENERAL